## Lazevnick v. General Hospital of Monroe County, Inc.

Defendant General Hospital of Monroe County, Inc., a/k/a Pocono Hospital, Inc., filed preliminary objections with accompanying memorandum of law on March 15, 1979. The preliminary objections are a demurrer and a motion to strike. We hold that the demurrer and part (2) of the motion to strike are overruled. Part (1) of the motion to strike is sustained and paragraph 6(d) of the complaint shall be stricken.

We note that in overruling the demurrer it is necessary to discuss a prior decision of this tribunal cited as authority by defendant for his position. In Kovacs v. Eaton, no. M78-0236, (opinion of the administrator, filed September 25, 1978), we held that a claim for breach of an express warranty in a medical malpractice case must be in writing in accord with section 606 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.606. That section provides as follows:

"Section 606. Provider not a warrantor or guarantor. — In the absence of a special contract in writing, a health care provider is neither a warrantor nor a guarantor of a *cure*." (Emphasis supplied.)

Section 606 of the act addresses only warranties or guarantees *of a cure*. As such, it is the only limitation on contract actions authorized by section 102 of the act, 40 P.S. §1301.102. See McKlveen v. Latrobe Area Hospital, et al., 12 D. & C. 3d 712 (1979) (opinion of the administrator filed April 24, 1979). A review of the Kovacs case reveals that plaintiff alleged breach of an express warranty to use *skill and care* in treating plaintiff. Since a claim for breach of such a warranty in an oral contract is not specifically barred by section 606, we now hold that the decision in the Kovacs case on the warranty issue was in error and as such that portion of our opinion therein is expressly overruled.

Inasmuch as the plaintiffs' complaint in the instant action does not seek recovery for breach of warranties of a cure or result, there is nothing in the act to bar plaintiffs bringing the subject claim. Accordingly, we enter the following

## ORDER

And now, April 25, 1979, upon consideration of the preliminary objections and memorandum of law in support thereof filed on March 19, 1979 by defendant General Hospital of Monroe County, Inc., a/k/a Pocono Hospital, Inc., it is hereby ordered and decreed that the preliminary objections in the nature of a demurrer and part (2) of the motion to strike are overruled. Part (1) of the motion to strike is sustained, and paragraph 6(d) of the complaint shall be stricken.